# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TR, LLC, | |
| Plaintiff, | |
| v. | No. 23-cv- |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A," | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

<sup>REDACTED</sup>, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act, design patent infringement under the Patent Act, trademark infringement under the Lanham Act, offering for sale and selling counterfeit goods in violation of Plaintiff's exclusive rights, violations of the Illinois Deceptive Trade Practices Act, and civil conspiracy against the Partnerships and Unincorporated Associations Identified in Schedule "A" (together, "Defendants"). In support hereof, Plaintiff states as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., the Patent Act, 35 U.S.C. § 1, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law

claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through their operation of or assistance in the operation of the fully interactive, commercial internet stores operating under the Defendant domain names and/or the Defendant Internet Stores identified in Schedule A. Specifically, each of the Defendants directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products using counterfeit versions of Plaintiff's federally registered trademark, and/or sell products featuring Plaintiff's patented design, and/or sell products using or bearing infringing versions of Plaintiff's federally registered copyrighted works directly to Illinois consumers. In short, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.    INTRODUCTION

3.    Plaintiff filed this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by (1) selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's federally

REDACTED

registered trademark                    (U.S. Reg. No. REDACTED) (the "REDACTED Trademark"); and/or (2) making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe TR Tools, LLC's exclusive rights in the product design (U.S. Patent No. REDACTED) (the "REDACTED Design"); and/or (3) using Plaintiff's copyrighted images and video (U.S. Reg. Nos. VA REDACTED

REDACTE, VA REDACTED, VA REDACTED and PAu REDACTED) (the "REDACTED Works") in connection with the sale and advertising of the infringing products. *See* **Group Exhibit 1**. The Defendants created internet stores (the "Defendant Internet Stores" or the "Stores") by the dozens and designed them to appear to be selling genuine copies of Plaintiff's products when in fact the Stores are selling counterfeit versions to unknowing customers, and/or making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products to unknowing consumers.

4.      The Defendant Internet Stores share unique identifiers, such as similar design elements of the infringing products offered for sale and, on information and belief, these similarities suggest that the Defendant Internet Stores share common manufacturing sources, thus establishing the Defendants' counterfeiting and infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their counterfeiting operation, including changing the names of their Stores multiple times, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's copyrighted works, patented design, and registered trademark, as well as to protect unknowing consumers from purchasing infringing products over the Internet. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's copyrights, design patent and trademark to sell counterfeit versions of Plaintiff's products and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury it is sustaining.

### III. THE PARTIES

#### A. Plaintiff REDACTED, LLC

5.     Plaintiff is an REDACTED limited liability company and is the creator and seller of REDACTED branded products, which are REDACTED (collectively, the "REDACTED Products"). Plaintiff sells these designs through its brand REDACTED, which allows consumers to purchase the product through the company's e-commerce marketplaces[1]. The REDACTED Products have become enormously popular and even iconic, driven by Plaintiff's exacting quality standards and innovative designs. Among the purchasing public, genuine REDACTED Products are instantly recognizable as such, in the United States and around the world. Plaintiff's brand has come to symbolize high quality, and the REDACTED Products are among the most recognizable REDACTED in the United States.

6.     Since 2009, Plaintiff has operated an online store that markets high quality REDACTED. Plaintiff's founders and inventors created the unique REDACTED design after recognizing a need for REDACTED. Plaintiff has introduced several variations of the REDACTED Design through its website. Plaintiff's unique products have been advertised with its brand REDACTED for several years. Plaintiff continues to heavily advertise its unique products through high quality images and videos. Plaintiff generates its sales through and utilizes its Copyrighted Works on its website, e-commerce marketplaces, social media, advertisements, and product demonstration videos to educate consumers on both its products and brand. Its website and social media feature original content, reviews, and testimonials for the REDACTED Products.

---

[1] REDACTED

7.     Plaintiff is the designer, distributor, and retailer of REDACTED products. The Company is engaged in the business of distributing and retailing these high-quality REDACTED within the Northern District of Illinois. Defendants' sales of the counterfeit products and use of the Plaintiff's copyrighted works in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

8.     Plaintiff is the owner of four United States Copyright Registrations: U.S. Reg. Nos. REDACTED, REDACTED, REDACTED, and REDACTED. The registration information for REDACTED Works and copies of the corresponding images and video links are shown in **Exhibit 1** attached. hereto. Upon information and belief, the copyright registrations have an effective date that predates the Defendants' acts of copyright infringement.

9.     Since their first publication, the REDACTED Works have been used to sell the REDACTED Products. Plaintiff's products and its accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion by the Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world.

10.    Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display the REDACTED Works to the public.

11.    The REDACTED Products are also known for their distinctive patented design. REDACTED that use this design are associated with the quality and innovation that the public has come to expect from REDACTED Products. Plaintiff uses the design in connection with its REDACTED branded products, including, but not limited to, the following patented design.

| Patent Number | Description | Issue Date |
|---|---|---|
| US REDACTED | REDACTED | REDACTED |
| | REDACTED | |

12.     REDACTED, LLC is the lawful assignee of all rights to, title in, and interest in the REDACTED Design. US Patent No. REDACTED ( REDACTED ., issued REDACTED) (the " REDACTED Patent").

13.     Plaintiff also has a registered trademark for the stylized mark,     REDACTED     (the REDACTED Trademark) (U.S. Reg. No. REDACTED).

14.     The REDACTED Trademark is distinctive and identifies the merchandise as goods originating from the Plaintiff. The registration for the REDACTED Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use the REDACTED Trademark pursuant to 15 U.S.C. § 1057(b). The REDACTED Trademark has been continuously used and never abandoned since its first use.

15.     Plaintiff uses the REDACTED Trademark to identify its goods. The REDACTED Trademark is distinctive when it is applied to Plaintiff's goods, signaling to the purchaser and consumer that the products are from Plaintiff and are made and manufactured to Plaintiff's original specifications and standards.

16.     Since its initial launch of the original REDACTED branded products in 2009, Plaintiff's trademark has been the subject of substantial and continuous marketing and promotion by the Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world. Plaintiff has and continues to widely promote and market its trademark to customers and the general public, and on Plaintiff's website. Genuine and authentic REDACTED branded products are offered and sold by Plaintiff directly through reputable e-commerce marketplaces, including its own website and others, an authorized distributor on Amazon and eBay, and through physical retail stores, including Joann Stores, AutoZone, Advance Auto Parts, and other retail stores throughout the United States.

17.     Plaintiff has expended substantial time, money, and other resources to develop, advertise, and otherwise promote the REDACTED Trademark. As a result, customers recognize that products bearing the distinctive REDACTED Trademark originate exclusively from the Plaintiff.

**The Defendants**

18.     Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the state of Illinois and this Judicial District, through the operation of fully interactive commercial websites and online commercial marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products to consumers within the United States, including Illinois and this Judicial District, and used infringing copies of Plaintiff's copyrighted works to market counterfeit versions of Plaintiff's products.

19.     Defendants are an interrelated group of infringers and counterfeiters who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine <sup>REDACTED</sup> branded products, while they actually sell inferior imitations of these products. Defendants also knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products. The Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts. As such, the Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit network. If Defendants provide

additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.    THE DEFENDANTS' UNLAWFUL CONDUCT

20.    The success of Plaintiff's brand has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has identified numerous marketplace listings on e-commerce platforms such as, but not limited to, Alibaba, AliExpress, Amazon, DHgate, eBay, Joom, Newegg, Walmart, and Wish, which include the Defendant Aliases, and which have been using REDACTED Works to offer for sale, complete sales, and export counterfeit products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Aliases. E-commerce sales, including e-commerce internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, , U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*. According to Customs and Border Patrol's ("CBP") report, over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.* Approximately 60% of CBP seizures originated from mainland China and Hong Kong. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

21.    Groups of counterfeiters, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms, and also communicate through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

22.     Counterfeiting rings take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat counterfeiting. For example, counterfeiters take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold counterfeit products to residents of Illinois.

23.     Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the REDACTED copyrights, design patent, and trademark, including its exclusive right to use and license such intellectual property and its associated goodwill. Defendants' Internet Stores also use the same pictures to advertise their infringing product that Plaintiff uses on its webpage and other online marketplaces to sell and advertise its genuine and original REDACTED Products, sowing further confusion among potential purchasers.

24.     Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identity and

contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in **Schedule A** of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

25. The infringing products for sale and the infringing works used to sell those counterfeit products in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the infringing products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

26. Upon information and belief, Defendants also deceive unknowing customers by using the REDACTED Trademark without authorization within the content, text, and/or metatags of their websites and marketplace storefronts to attract various search engines on the Internet looking for websites relevant to consumer searches for Plaintiff's REDACTED branded products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results after others are shut down. As such, Plaintiff also seeks to disable Defendant domain names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit products.

27. Defendants have reproduced, distributed, and publicly displayed Plaintiff's Copyrighted Works and continue to do so. Defendants' use of the REDACTED Works and Trademark on or in connection with the advertising, marketing, distribution, offering for sale, and

sale of the infringing products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

28.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the REDACTED Works and Trademark in connection with the advertisement, offer for sale, and sale of the counterfeit products, through, inter alia, the internet. The infringing products are not genuine products of the Plaintiff. Plaintiff did not authorize any defendants use of its Copyrighted Works or Trademark, and did not manufacture, inspect, or package the infringing products and did not approve the infringing products for sale or distribution. Each of the Defendants' Internet Stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold counterfeit products into the United States, including Illinois.

29.     Defendants' unauthorized reproduction, distribution, and public display of the REDACTED Works to sell counterfeit products and their use of the REDACTED Works and Trademark in connection with the advertising, distribution, offer for sale, and sale of infringing products, including the sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

30.     Defendants also violate Plaintiff's exclusive right to manufacture, offer for sale, sell, and import into the United States for sale or distribution goods that utilize the patented design. Their unauthorized manufacturing, offer for sale, sales and importation into the United States violates Plaintiff's exclusive rights.

31.     Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or

12

occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe the REDACTED Design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products in the United States and Illinois over the Internet.

32.     Defendants' infringement of the REDACTED Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

33.     Defendants' infringement of the REDACTED Design in connection with making, using, offering for sale, selling, and/or importing into the United States for the subsequent sale of use of the Infringing Products, including the making, using, offering or sale, selling, and/or importing into the United States for the subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

34.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the REDACTED copyrights, design patents, trademark and unless preliminarily and permanently enjoined.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

35.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36.     Plaintiff's copyrighted works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of each original work, and all works at issue have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

37.     Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted works.

38.     Upon information and belief, Defendants had access to the copyrighted works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies of the copyrighted works without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the Plaintiff's works via online websites and digital markets in connection with the marketing of their counterfeit products. Indeed, every photograph and video used by Defendants is virtually identical to the Copyrighted Works.

39.     Defendants, without the permission or consent of the Plaintiff, have published online infringing versions of Plaintiff's copyrighted works. Defendants have violated Plaintiff's exclusive right of reproduction, distribution, and public display. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. §§ 101-1511.

40.     Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Copyrighted Works. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly and inherently attributable to their infringement of Plaintiff's works.

41.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and indifference to the rights of the Plaintiff.

42.     As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

43.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff.

## COUNT II

## INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. §271)

44.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43

45.     Plaintiff is the lawful assignee of all right, title, and interest in and to the '289 Patent. *See,* **Exhibit 1**.

46.     Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe the ornamental design claimed in the Plaintiff's design patent, either directly or under the doctrine of equivalents.

47.     Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

48.     Defendants have infringed Plaintiff's Design Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

49.     Defendants have infringed Plaintiff's design patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendants' products are substantially the same, if not identical, with resemblance such as to deceive an ordinary observer, inducing such observer to purchase and Infringing Product supposing to be Plaintiff's product protected by Plaintiff's design patent.

50.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT III**

**<u>TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)</u>**

51.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50.

52.     This case also concerns a trademark infringement and counterfeit action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the Plaintiff's federally registered trademark in connection with the sale, offering for sale and/or distribution of infringing goods. The REDACTED Trademark is a distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under Plaintiff's trademark.

53.     Defendants have sold, offered to sell, and distributed, and are still selling, offering to sell, and distributing products in connection with Plaintiff's Trademark without Plaintiff's permission.

54.     Plaintiff is the exclusive owner of Plaintiff's Trademark. Plaintiff's United States Registration for Plaintiff's trademark (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in Plaintiff's Trademark and are willfully infringing and intentionally offering counterfeit items bearing Plaintiff's Trademark. Defendants' willful, intentional, and unauthorized use of Plaintiff's trademark is likely to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general consuming public.

55.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known trademark.

57.     The injuries sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's REDACTED Trademark branded products.

## COUNT IV

## <u>FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)</u>

58.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 57.

59.     Defendant's advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in counterfeit versions of Plaintiff's products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

60.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendants have actually offered and shipped goods in interstate commerce.

61.     Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendants have and continue to trade off the extensive goodwill of Plaintiff to induce customers to purchase a counterfeit version of Plaintiff's products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

62.     Defendants knew or, by the exercise of reasonable care, should have known that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the counterfeit goods has and will continue to cause confusion and mistake or to deceive purchasers, users, and the public.

63.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

64.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT V

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE
## TRADE PRACTICES ACT (815 ILCS § 510/2)

65.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 64.

66.     Defendants have engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

67.     Defendants knew, or by the exercise of reasonable care should have known, that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the counterfeit goods has and will continue to cause confusion and mistake, or deceive purchasers, users, and the public.

68.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT VI

## CIVIL CONSPIRACY

69.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68.

70.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, offer for sale, or sale of counterfeit products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2.

71.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to undermine Plaintiff and its business by unfairly competing against it as described above.

72.     The Defendants each understood and accepted the foregoing scheme and agreed to do their respective part to further accomplish the foregoing intent, purpose, and objective. Thus, by entering the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and/or induced all the foregoing unlawful acts and misconduct.

73.     As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all other persons acting for, with, by, through, under, or in active concert with them be temporarily preliminary, and permanently enjoined and restrained from:

i.     Using Plaintiff's trademark in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a

genuine product of Plaintiff, or is not authorized by Plaintiff to be sold in connection with Plaintiff's trademark;

ii.     Passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authority, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's trademark and associated with or derived from Plaintiff's trademark;

iii.    Making, using, selling, and/or importing to the United States for retail sale or resale any products that infringe Plaintiff's Design Patents

iv.     Committing any acts calculated to cause consumers to believe that Defendants' counterfeit product is those sold under the authority, control, or supervision of Plaintiff, or are sponsored by, approved of, or otherwise connected with Plaintiff, including without limitation through use of Plaintiff's original photographs texts in connection with the offer or sale of counterfeit products;

v.      Further infringing Plaintiff's trademark and damaging Plaintiff's goodwill;

vi.     Otherwise competing unfairly with Plaintiff in any manner;

vii.    Shipping (including drop-shipping), delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademark, or any reproductions, counterfeit copies, or colorable imitations thereof;

viii.   Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other domain name or online marketplace

account that is being used to sell or is how Defendants could continue to sell counterfeit product;

      ix.     Operating and/or hosting websites at the Defendant Internet Stores of any other domain names registered or operated by Defendants that are involved in the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's trademark or reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's trademark; and,

      x.     Registering any additional domain names that use or incorporate any portion of the Plaintiff's trademark; and,

B.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

      i.     Displaying images protected by the Plaintiff's trademark in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with the Plaintiff's trademarks; and

      ii.     Shipping, delivering, holding for same, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Trademark or any reproductions, counterfeit copies, or colorable imitation thereof; and,

C.      That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with any and all injunctive relief ordered by this Court;

D.      Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Amazon and Alibaba Group Holding Ltd., DHgate, eBay, Etsy, Joom, Shopify, Walmart, Wish, Alipay.com Co., Ltd. and any related Alibaba entities (collectively "Alibaba");; payment processors such as PayPal, Stripe, Payoneer; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names, and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of counterfeit products using the Plaintiff's trademark; shall:

i.      Disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit product using Plaintiff's trademark, including any accounts associated with the Defendants listed on Schedule A;

ii.      Disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeiting and infringing counterfeit product using Plaintiff's trademark; and,

iii.      Take all steps necessary to prevent links to the Defendant Online Stores identified in Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online stores from any search index; and,

E.     That each Defendant account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

F.     For Judgment in favor of Plaintiff against Defendants that they have: (a) willfully infringed Plaintiff's trademark in its federally registered trademark pursuant to 15 U.S.C. § 1114; and (b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

G.     For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 15 U.S.C. § 1117, at the election of Plaintiffs, in an amount to be determined at trial;

H.     In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiff's Trademark;

I.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i.   making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the REDACTED Designs;

ii.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the REDACTED Designs; and

iii. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

J. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon and Alibaba Group Holding Ltd., DHgate, eBay, Etsy, Joom, Shopify, Walmart, Wish, Alipay.com Co., Ltd. and any related Alibaba entities (collectively "Alibaba"); payment processors such as PayPal, Stripe, Payoneer; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names, and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the REDACTED Designs;

K. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's Designs, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

L. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the REDACTED Designs be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

M. In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of the REDACTED Designs, pursuant to 35 U.S.C. § 289;

N.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

       i.     using the REDACTED Works or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized REDACTED Products or is not authorized by Plaintiff to be sold in connection with the REDACTED Works;

       ii.     passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the REDACTED Works;

       iii.     further infringing the REDACTED Works and damaging Plaintiff's goodwill;

       iv.     shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the REDACTED Works, and which are derived from Plaintiff's copyrights in the REDACTED Works; and

       v.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the REDACTED Works;

O.     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Amazon and

Alibaba Group Holding Ltd., DHgate, eBay, Etsy, Joom, Shopify, Walmart, Wish, Alipay.com Co., Ltd. and any related Alibaba entities (collectively "Alibaba"); payment processors such as PayPal, Stripe, Payoneer; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names, and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of infringing products using the Plaintiff's copyrights; shall:

      i.     disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce the REDACTED Works or are derived from the REDACTED Works, including any accounts associated with the Defendants listed on Schedule A;

      ii.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the REDACTED Works; and

      iii.   take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

P.    For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in her federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

Q.     For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

R.     That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

S.     That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: February 2, 2023                              Respectfully submitted,

                                                     /s/ James E. Judge
                                                     Zareefa B. Flener (IL Bar No. 6281397)
                                                     James E. Judge (IL Bar No. 6243206)
                                                     Flener IP Law, LLC
                                                     77 W. Washington St., Ste. 800
                                                     Chicago, IL 60602
                                                     (312) 724-8874
                                                     jjudge@fleneriplaw.com